UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHRISTOPHER BARRON,

                    Petitioner,                    Case No. 1:22-cv-107

v.                                                 Honorable Sally J. Berens

MATT MACAULEY,

                    Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 10.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; see Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (holding that district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. Carson v. Burke, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may sua sponte dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). Day v. McDonough, 547 U.S. 198, 209 (2006).

After undertaking the review required by Rule 4, the Court concludes that the petition is most likely barred by the one-year statute of limitations.  Nonetheless, Petitioner is attempting to convince the Michigan Court of Appeals to take on a late-filed application for leave to appeal that might have the effect of continuing a tolling of the statute of limitations such that the petition might be timely.  Petitioner has requested a stay of these proceedings and asked the Court to hold them in abeyance while he pursues that effort.  (ECF No. 3.)  Petitioner has also asked the Court to apply the doctrine of equitable tolling of the statute of limitations.  (ECF No. 5.)  Because the petition would be timely if Petitioner succeeds in the Michigan Court of Appeals and quite likely untimely—depending on the merit of Petitioner's equitable tolling arguments—if he does not, the Court will stay these proceedings and hold them in abeyance pending Petitioner's exhaustion of his state court remedies.  The Court will also deny Petitioner's motion to apply the doctrine of equitable tolling, without prejudice, as premature.

## Discussion

### I.      Factual Allegations

Petitioner Christopher Barron is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan.  On June 1, 2017, following a three-day jury trial in the Calhoun County Circuit Court, Petitioner was convicted of armed robbery, in violation of Mich. Comp. Laws § 750.529, and first-degree home invasion, in violation of Mich. Comp. Laws § 750.110a.  On July 14, 2017, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to consecutive prison terms of 25 to 60 years for home invasion and 50 to 100 years for armed robbery.  The MDOC reports Petitioner's earliest release date—the date he would be first eligible for parole—as September 5, 2091, when Petitioner would be 111 years old.  *See* https://mdocweb.state.mi.us/otis2/otis2profile. aspx?mdocNumber=322902 (last visited Feb. 16, 2022).

2

On January 28, 2022, Petitioner filed his habeas corpus petition.  Under Sixth Circuit
precedent, the application is deemed filed when handed to prison authorities for mailing to the
federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).   Petitioner placed his petition
in the prison mailing system on January 28, 2022.  (Pet., ECF No. 1, PageID.16.)

## II.    Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided
in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism
and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).   Section
2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.   The
> limitation period shall run from the latest of
>
> > (A)    the date on which the judgment became final by the conclusion of
> > direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by
> > State action in violation of the Constitution or laws of the United States is
> > removed, if the applicant was prevented from filing by such State action;
> >
> > (C)    the date on which the constitutional right asserted was initially
> > recognized by the Supreme Court, if the right has been newly recognized
> > by the Supreme Court and made retroactively applicable to cases on
> > collateral review; or
> >
> > (D)    the date on which the factual predicate of the claim or claims
> > presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, Section 2244(d)(1)(A) provides the operative date from which the one-year
limitations period is measured.  Under that provision, the one-year limitations period runs from
"the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner appealed the judgment

of conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on February 6, 2020.  Petitioner did not petition for certiorari to the United States Supreme Court.  (Pet., ECF No. 1, PageID.3.)  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on May 6, 2020.

Petitioner had one year from May 6, 2020—until May 6, 2021—to file his habeas application.  Petitioner filed his application on January 28, 2022.  Obviously, he filed more than one year after the period of limitations began to run.  Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  Petitioner filed a motion for relief from judgment in the Calhoun County Circuit Court on January 22, 2021.[1]  Therefore, the period of limitation ran for 261 days before Petitioner's motion tolled it on January 21, 2021.  The court denied the motion by opinion and order entered February 25, 2021.  (Pet., ECF No. 1, PageID.3.)

---

[1] Petitioner reports that he filed the motion "Jan/Feb 2021."  (Pet., ECF No. 1, PageID.3.)  The publicly available docket from the Calhoun County Circuit Court shows that the motion was filed on January 22, 2021.  https://micourt.courts.michigan.gov/case-search/court/C37 (search Last Name "Barron," First Name "Christopher," select Case ID "2016-0000002657-FC," select "Show" for events).

An application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance' - *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures. . . ." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Therefore, the trial court's denial of the motion on February 25, 2021, did not start the clock running again because the collateral review process was not yet complete. In *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016), the Sixth Circuit held that tolling continues until the end of the period in which the petitioner could have appealed the denial of his motion for relief from judgment. Michigan law permits the filing of a delayed application to the court of appeals for leave to appeal until six months after a circuit court decision. *See* Mich. Ct. R. 7.205(A). Therefore, Petitioner's collateral attack was pending until August 25, 2021—six months after the trial court denied relief. Then, the period of limitation commenced running again. The period expired 104 days later on December 7, 2021.

Petitioner notes that he filed an application for leave to appeal the trial court's denial of his motion for relief from judgment on January 5, 2022. Petitioner suggests that he has not heard anything from the court of appeals regarding his application. (Pet., ECF No. 1, PageID.4) (regarding the court of appeals' docket number, Petitioner states "haven't gotten yet"). The publicly available docket from the Michigan Court of Appeals shows the court has created a file, COA #360296, to consider Petitioner's submission as a motion to extend time to file appeal. *See* https://www.courts.michigan.gov/c/courts/coa/case/360296 (last visited Feb. 16, 2022). If Petitioner's motion is granted, and his appeal related to his collateral attack is accepted by the Michigan Court of Appeals even though Petitioner filed it late, the tolling that started on January 22, 2021, would continue through the date he filed this petition.

On the other hand, if the court of appeals denies the motion and rejects the application as late, the tolling effect of the collateral attack would not extend beyond the six-month deadline that expired on August 25, 2021. To toll the statute of limitations, the collateral attack must be "properly filed." 28 U.S.C. § 2244(d)(2). A motion is not "properly filed" when the state court rejects it as untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001); *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Moreover, a petitioner may not challenge the state court's determination of timeliness. *See Vroman*, 346 F.3d 598, 604 (6th Cir. 2003); *Israfil*, 276 F.3d at 771. "Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Israfil*, 276 F.3d at 771.

There is nothing in the petition or supporting documents to suggest that Petitioner has a properly filed collateral attack pending in the state courts. Moreover, the documents Petitioner has provided indicate that his period of limitation expired on December 7, 2021, such that his petition filed nearly two months later is untimely.[2] Petitioner is fully cognizant that his petition is tardy. He states that his petition "is less than 2 months late . . . ." (Pet., ECF No. 1, PageID.15.) To bridge those last seven and one-half weeks, Petitioner asks the Court to equitably toll the period of limitation.

The one-year limitations period applicable to Section 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See,*

---

[2] Petitioner correctly calculates the expiration of the period of limitation: "Petitioner believes his Habeas Corpus petition was due around December 7, 2021." (Pet'r's Mot., ECF No. 5, PageID.101.)

*e.g.*, *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 649 (citing *Pace*, 544 U.S. at 418).

Petitioner offers a multi-layered justification for the equitable tolling of his period of limitation:

a.   the education level of Petitioner and his inability to read or write properly[;]

b.   the COVID[-]19 pandemic crisis caused prisons to shut down[;]

c.   the state created a barrier by shutting down prison law libraries to prevent the spread of COVID[; and]

d.   other factors.

(Pet'r's Mot., ECF No. 5, PageID.102.)  Petitioner explains that everything he has filed with the court was written with the help of another prisoner who is not a "legal writer."  The Court notes that whoever wrote Petitioner's motions and briefs has ably presented Petitioner's case.

Petitioner's brief provides additional detail.  "Petitioner believed he had one year to file his '6.500 motion' then after appeals that he had one year to file his petition for habeas corpus." (Pet'r's Br., ECF No. 6, PageID.106.)  "Petitioner did not learn about deadlines or proper ways to file until Oct-Dec 2021."  (*Id.*)  No matter what impact COVID-19, shutdowns, or limited library time might have had on Petitioner, he was aware of the deadline and the proper ways to file as of the fall of 2021.  At the time Petitioner finally realized what was required, he had in hand his pleadings from the motion for relief from judgment and his appeal briefs with complete arguments

with regard to the five issues he raises in his habeas petition.[3]  Petitioner offers no explanation why he waited months to file a habeas petition that he could have filed on a timely basis.  No matter how many things stood in his way during 2020, he managed to file his motion for relief from judgment with months remaining on his deadline.  And no matter what barriers he faced in the spring and summer of 2021, when his time to appeal the trial court's denial expired, he still had months to transfer the appeal and motion issues onto the form petition and file it.

The crux of Petitioner's claim is that he did not know the deadline; but the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling.  *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("[Petitioner]'s *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."); *Allen*, 366 F.3d at 403 ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling." (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991))).

At this time, however, it is premature to resolve the equitable tolling issue while there remains a chance, no matter how slim, that the petition may be timely without reliance on the equitable doctrine.[4]  Accordingly, the Court will deny Petitioner's motion to apply equitable tolling (ECF No. 5) without prejudice as premature.

---

[3] Petitioner notes that his legal property had come up missing, at least in part, over the summer of 2021, but he "was able to recover most of [his] documents by August 2021."  (Pet'r's Aff., ECF No. 7, PageID.116.)

[4] In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  To make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]"  *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present[]" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The allegations in the petition indicate that Petitioner's first three habeas issues have been fairly presented to all level of the Michigan court system.  Habeas issues IV and V, however, have only been fairly presented to the Calhoun County Circuit Court.

---

petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 399–400.  In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him.  *Schlup*, 513 U.S. at 327, 329.  Therefore, statutory tolling and equitable tolling appear to be the only ways Petitioner might demonstrate that his petition is timely under 28 U.S.C. § 2244(d)(1).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner claims that he is pursuing an available procedure to exhaust habeas issues IV and V.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  However, because the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).  If Petitioner had enough time to return to the state courts to commence or complete the collateral challenge and then come back to the federal court to refile his habeas petition—specifically more than 60 days—the petition could be simply dismissed.  Otherwise, the Court should stay the federal proceedings and hold them in abeyance, effectively freezing the timeliness issue until the petitioner returned.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).  In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Petitioner has made at least a colorable showing regarding cause for his failure to exhaust—the issues are not plainly meritless on their face, and it does not appear that Petitioner has been intentionally dilatory.  Therefore, at least for purposes of Petitioner's stay motion, the Court concludes that the *Rhines* requirements are satisfied.

In Petitioner's case there are timeliness issues as to the exhausted and unexhausted claims. Ultimately, timeliness will depend on how the Michigan Court of Appeals responds to Petitioner's late application or, alternatively, on the merits of Petitioner's equitable tolling arguments.  It does not appear that the future timeliness determination would ever depend on whether this Court dismisses some or all of the claims now for lack of exhaustion.  Nonetheless, to ensure that no further time runs on Petitioner's clock, "freezing" the timeliness issue in its present state appears to be a prudent course.  Accordingly, the Court will grant Petitioner's request to stay these proceedings and hold them in abeyance pending his exhaustion of state court remedies with respect to his motion for relief from judgment issues.

An order consistent with this opinion will be entered.

Dated: February 23, 2022                        /s/ Sally J. Berens
                                             SALLY J. BERENS
                                             U.S. Magistrate Judge